**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LAURENCE A. JARVIK**          ) | |
|                                                       ) | |
|           **Plaintiff,**                       ) | **Civil Action No.: 08-1911 (RMU)** |
|                                                       ) | |
| **v.**                                              ) | |
|                                                       ) | |
| **CENTRAL INTELLIGENCE AGENCY**  ) | |
|                                                       ) | |
|           **Defendant.**                    ) | |
| _____) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE ITS VAUGHN DECLARATION EX PARTE (IN CAMERA)**

COMES NOW, Plaintiff, by and through his undersigned counsel, and respectfully opposes Defendant's Motion for Leave to File Its Vaughn Declaration in Camera, and states as follows in support:[1]

1.  Defendant, in a reversal from its position in the first lawsuit, when CIA claimed to have had no connection with the events in Andijan, Uzbekistan, now claims that the CIA's involvement was of such a clandestine nature that even a *Vaughn* Declaration regarding responsive documents must be classified and filed for *in camera* review only.  It does so without citing to any legal authority whatsoever.

2.  Indeed, Defendant's Motion is deficient. There are very limited circumstances in which an *ex parte, in camera* review of evidence is proper. "One such circumstance recognized by the court is the assertion of the "state secret privilege" by the government when "acute national security concerns" are involved. [..] In that situation, the court held that review of *in camera* and *ex parte*

---

[1] The motion hereby being opposed is part of Defendant's Motion for (1) an Extension of Time to File Its Motion for Summary and (2) Leave to File its Vaughn Declaration in Camera. Plaintiff does not oppose Defendant's request for an extension of time but opposes the CIA's request to file Vaughn Declaration in camera.

*submissions* was only appropriate when: a) the government demonstrated "compelling national security concerns;" and b) the government publicly discloses, prior to any *in camera* inspection, a as much of the material as it could divulge without compromising the privilege. *Global Relief Founa, Inc. v. O'Neill*, 205 Fu. Supp. 2d 885, 887 (D. Ill. 1972) (citing to *Abourezk v. Reagan*, 251 U.S. App. D.C. 355, 785 F. 2d 1043 (D.C. Cir. 1986)). Defendant fails to satisfy either prong of this test as it fails to provide any specific whatsoever no whatsoever. Most importantly, Defendant fails to satisfy the second prong of the test as it does not disclose <u>any</u> material. Instead, Defendant bases its motion on an allegation that Defendant's <u>own lawyers</u> concluded that no meaningful unclassified *Vaughn* Declaration can be released and, thus, an *ex parte* proceeding is proper. Curiously, Defendant does not even submit a statement under oath claiming or explaining why the *Vaughn* Declaration has to be classified or explaining how the release of a declaration can lead to discovery of classified information. At the very least, Defendant should have produced an unclassified *Vaughn* Declaration deficient under FOIA review with a sworn explanation of how a more detailed *Vaughn* Declaration cannot be made public in support of its Motion.[2] In the absence of a meaningful explanation, Defendant's motion is deficient.

    3. Furthermore, if Defendant's Motion is granted, Plaintiff will not have a meaningful opportunity to respond to Defendant's Motion for Summary Judgment as it would be based on material no portion of which is available to Plaintiff for review. In essence, the Court will be reviewing *in camera* an advocacy piece admittedly drafted by CIA attorneys to which the Plaintiff

---

    [2]Even in *ACLU v. Department of Defense et al.*, 08-00437 (D.D.C.), a case dealing with the torture memoranda, CIA publicly provided a limited *Vaughn* declaration

will not have any ability to meaningfully respond.[3] Clearly, such an *ex parte* submission -- and one offered with no CIA official's sworn attestation of need -- will prejudice Plaintiff's rights. *See, e.g,, Fuentes v. Shevin,* 407 U.S. 67, 81, 92 S.Ct. 1983, 1994) (1974) ("It has long been recognized that fairness can rarely be obtained by secret, one-sided" proceedings.)

    4. Finally, the CIA's position that all responsive documents are classified is disingenuous, as there are numerous documents which the CIA is known to have received from the DOJ related to the Andijan events that are not classified. *See* Amended Complaint ¶ 24 and Exhibit C thereto. Similarly, the CIA likely has numerous other documents that should not be classified including for example translations and/or summaries of public trials held in Uzbekistan in the aftermath of Andijan events, news summaries and/or translations of Uzbek media reports, translation of Uzbekistan President Karimov's book about the events (only available in Uzbek to general public) and similar documents.

    5. Thus, Plaintiff opposes Defendant's Motion. Defendant's Motion should be denied.

                                Respectfully submitted,

                                _____/s/_____
                                Matthew H. Simmons, Esq.
                                DC Id. # MD14700
                                Simmons & Associates, Chartered
                                4833 Rugby Avenue, Suite 100
                                Bethesda, MD 20814
                                Phone: 301-986-8444
                                Fax: 240-597-0749
                                Attorney for Plaintiff

---

[3] Thus, such review would be different from a review of the actual documents.

## REQUEST FOR A HEARING.

Plaintiff respectfully requests a hearing on this Motion.

/s/ Matthew H. Simmons

## CERTIFICATE OF SERVICE.

I hereby certify that on this 10th day of September 2009, I have caused the foregoing to be delivered by the ECF filing system to Counsel for Defendant, Christopher Harwood, Esquire.

/s/ Matthew H. Simmons